IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2287 |
| | ) |
| ANTHONY GOLDING, COLES COUNTY SHERIFF TYLER HELEINE[1], in his official capacity, JAMES RANKIN, in his individual capacity, and COLES COUNTY, ILLINOIS, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is a Motion to Dismiss (d/e 18) filed by Defendants Coles County Sheriff Tyler Heleine and Coles County, Illinois ("Defendants"). Plaintiff's Amended Complaint is sufficient to meet the federal pleading standards as to both Counts VII and VIII, and dismissal without further factual development would be inappropriate. Defendants' Motion (d/e 18) is, therefore, denied.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Tyler Heleine, as the current Acting Coles County Sheriff, is automatically substituted for former Coles County Sheriff James Rankin insofar as Defendant Rankin was sued in his official capacity.

Page **1** of **11**

## I. BACKGROUND

The following facts are taken from Plaintiffs' Complaint (d/e 1-1) and are accepted as true for purposes of Defendants' Motion to Dismiss. Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 639 (7th Cir. 2015).

Defendant James Rankin was the Coles County Sheriff responsible for the Coles County Safety and Detention Center in Charleston, Illinois in November 2020 while Defendant Anthony Golding was a Deputy Sheriff with the Coles County Sheriff's Office and assigned as a correctional officer at Detention Center at that time. Am. Compl. (d/e 14) ¶¶ 5–8. On or around November 20, 2020, Plaintiff Jane Doe was held in the custody of the Coles County Sheriff's Office and confined to the Detention Center. Id. ¶¶ 5, 10. While there, Defendant Golding allegedly verbally and physically sexually assaulted Plaintiff in a number of ways. Id. ¶¶ 10–14. Defendant Golding was in Coles County Sheriff's Office uniform at the time and was on duty at the Detention Center. Id. ¶ 15. The alleged assaults took place in the Detention Center and Defendant Golding accessed the place where Plaintiff was in

custody using the keys provided to him by the Sheriff's Office as part of his employment. Id. ¶ 15.

On or about December 29, 2020, over a month after the assaults, the Sheriff's Office collected items of Plaintiff's clothing as evidence. Id. ¶ 19. Plaintiff was not taken to a hospital, provided treatment, or examined after the assaults. Id. ¶ 20. On December 31, 2020, Defendant Golding was charged with two counts of custodial sexual misconduct, a class 3 felony, in the Fifth Judicial Circuit Court, Coles County, Illinois, case number 2020-CF-667 on December 31, 2020. Id. ¶ 22. Defendant Golding's criminal case remains pending. Id. ¶ 23.

Plaintiff originally filed suit against all the defendants on November 19, 2021, see Complaint (d/e 1), and filed an Amended Complaint on February 11, 2022, see Amended Complaint (d/e 14). Plaintiff alleges five counts against Defendant Golding: two for violation of Plaintiff's constitutional rights while acting under color of law in violation of 42 U.S.C. § 1983 (Counts I and II), one for violations of the Illinois Gender Violence Act, 740 ILCS 82/1 et seq. (Count IV), one count of assault and battery (Count V), and one count of willful and wanton conduct under Illinois state law (Count

VI). Am. Compl. pp. 4–9. Plaintiff also alleges one count of deprivation of constitutional rights in violation of 42 U.S.C. § 1983 against former Coles County Sheriff James Rankin in his individual capacity (Count III). Id. pp. 5–6. Plaintiff lastly alleges one count of state law vicarious liability against Coles County and the Coles County Sheriff, now Tyler Heleine, in his official capacity (Count VII) and one count of indemnification against Coles County (Count VIII). Defendants Coles County and the Coles County Sheriff Heleine ("Defendants") now move to dismiss the vicarious liability and indemnification allegations against them in Counts VII and VIII.

## II. LEGAL STANDARD

Defendants move to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana, 768 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading need not contain "detailed factual

allegations" to pass a Rule 12(b)(6) challenge but still must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  The Court accepts all well-pleaded allegations as true while construing all reasonable inferences in the plaintiff's favor such that the complaint is construed in the light most favorable to the plaintiff.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

### III.  ANALYSIS

Defendants seek to dismiss Counts VII and VIII of Plaintiff's Amended Complaint.  Count VII alleges Defendants Coles County and Cole County Sheriff Heleine are vicariously liable for Defendant Golding's actions under the Illinois Counties Code, 55 ILCS 5/3-6015–6017 and a respondeat superior theory.  Count VIII alleges Defendant Coles County must indemnify Defendant Sheriff Heleine and Defendant Golding under the Illinois Tort Immunity Act, 745 ILCS 10/9-102.  Each Count arises from Illinois state law over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

When a federal court establishes jurisdiction over state law claims by way of supplemental jurisdiction, the court "must attempt to resolve issues in the same manner as would the highest court of the state that provides the applicable law." Stephan v. Rocky Moutain Chocolate Factory, Inc., 123 F.3d 414, 416–17 (7th Cir. 1997). Under Illinois law as stated by the Illinois Supreme Court, "[f]or an employer to be vicariously liable for an employee's torts under the doctrine of respondeat superior, the torts must have been committed within the scope of the employment." Pyne v. Witmer, 543 N.E.2d 1304, 1308 (Ill. 1989). And under the Illinois Tort Immunity Act, local public entities are similarly obligated to pay tort judgments for which an employee is liable only if the employee acted "within the scope of his employment." 720 ILCS 10/9-102.

While there is "[n]o precise definition" for what does or does not fall within an employee's scope of employment, the Illinois Supreme Court has turned to § 228 of the Restatement (Second) of Agency for guidance. Pyne, 543 N.E.2d at 1308; Bagent v. Blessing Care Corp., 862 N.E.2d 985, 992 (Ill. 2007). In doing so, the Illinois Supreme Court has made clear that the "conduct of a servant is within the scope of employment if, but only if, (a) it is the kind he is

employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master." Pyne, 543 N.E.2d at 1308 (quoting Restatement (Second) of Agency § 228); Bagent, 862 N.E.2d at 992 ("all three criteria of section 228 . . . must be met to conclude that an employee was acting within the scope of employment.")  Conversely, "[c]onduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Id.

    Defendants make the same argument for dismissal on both Counts VII and VIII.  Defendants argue that sexual assault categorically can never be within the scope of employment, and so Plaintiff's respondeat superior and indemnification claims fail as a matter of law.  In support of that argument, Defendant's cite to the Illinois Appellate Court's, First District, recent decision in Powell v. City of Chicago, No. 1-19-2145, 2021 IL App. (1st) 192145 (Ill. App. Ct. 1st Dist. June 24, 2021), appeal denied (175 N.E.3d 117 (Ill. 2021).  There, the Illinois Appellate Court held that a police officer did not act within the scope of his employment when he sexually

assaulted a person in the officer's custody while at a hospital. Id. at ¶¶3–4. From that decision, Defendants argue that "Illinois law is clear" that sexual assault cannot be within the scope of employment in this case. Defs.' Mot. p. 8.

The law is not that clear in Illinois. The Illinois Supreme Court has not determined whether sexual assault committed by law enforcement while on duty categorically falls outside the scope of employment in every case. Rather, that court has stated that such a determination must be informed by "all of the surrounding circumstances" and that "[e]ach case must depend on its own facts." Bagent, 862 N.E.2d at 992. Those circumstances would benefit from greater factual development than what is available at the pleading stage. For example, while both the Powell plaintiff and Plaintiff here were in custody at the time of the assault, the plaintiff in Powell was not confined within the jail like Plaintiff was here. Such a distinction goes to the "authorized time and space limits" required by the Restatement. Pyne, 543 N.E.2d at 1308 (quoting Restatement (Second) of Agency § 228).

Moreover, the Illinois Appellate Court, First District, has not issued the categorical rule Defendants seek to enforce here. For

example, in St. Paul Fire & Marine Insurance Company v. Downs, that court held that "a psychotherapist who engaged in sexual relations with a patient could not be said, as a matter of law, to have acted outside the scope of his employment." 617 N.E.2d 338, 344 (Ill. App. Ct. 1st Dist. 1993). Decided on summary judgment after factual development, the Illinois Appellate Court's decision turned on the nature of the work performed and the duties owed to the plaintiff who was the victim of the sexual assault. Id.

Lastly, the Court notes Defendants' assertion that Powell may be relied upon in dismissing Counts VII and VIII because the Northern District of Illinois, in Aleman v. McDonald's Corporation, cited the case in dismissing similar claims. Case No. 20-cv-6925, 2021 WL 3418857, at *1 (N.D. Ill. Aug. 5, 2021) (slip copy). In Aleman, the plaintiff was the victim of sexual assault in the workplace and sued her private employer under a scope of employment theory. Id. at *6. The Northern District of Illinois, citing Powell, held that the sexual harassment and assault of which the Aleman plaintiff complained were not in the scope of employment as a worker at McDonalds. Id.

The employment in this case, that of a correctional officer employed at a correctional center at which Plaintiff was held in custody, is markedly different. In fact, it is much closer to the facts in Hill v. Shaffer, a recent decision by the Southern District of Illinois. Case No. 20-cv-00613, 2022 WL 4448870, at *1 (S.D. Ill. Sep. 23, 2022) (slip copy). The plaintiff there alleged that she was handcuffed and shackled at the Franklin County, Illinois jail when the defendant, a correctional officer employed and on duty, raped her. Id. at *1. The Southern District of Illinois denied Franklin County's motion to dismiss, noting the scant factual record and the benefit such record would afford to the closer legal question of whether the defendant correctional officer's actions were within the scope of employment for indemnification purposes. Id. at *3.

The Court agrees with the approach in Hill. Factual development like that in St. Paul Fire may yet reveal relevant facts to inform the legal analysis regarding indemnity in this case. That question, then, is best left for summary judgment or trial. Indeed, the Seventh Circuit has "warned repeatedly against trying to resolve indemnity before liability," as Defendants ask the Court to do here. Doe v. City of Chicago, 360 F.3d 667, 672 (7th Cir. 2004) (collecting

cases). Accordingly, dismissal of the respondeat superior and indemnification Counts is inappropriate at this stage.

## IV.   CONCLUSION

Dismissal of the respondeat superior and indemnification claims in Counts VII and VIII is inappropriate at the pleading stage before factual development. Therefore, the Motion to Dismiss filed by Defendants Coles County Sheriff Tyler Heleine and Coles County, Illinois (d/e 18) is, therefore, denied.

**IT IS SO ORDERED.**
**ENTERED: October 4, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**